Serve

| Hamilton County | STATE OF TENNESSEE CIVIL SUMMONS<br>page 1 of 1 | Case Number<br>15C 320 |
|---|---|---|

Harleysville Preferred Insurance Co. **Vs.** Inductotherm Corp.
a/s/o Designed Alloy Products, Inc.

Served On:

Inducto Therm Corp.

You are hereby summoned to defend a civil action filed against you in **Circuit** Court, **Hamilton** County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **2-27-2015**

*N. Novkov*
Clerk / Deputy Clerk

[Stamp: FILED IN OFFICE 2015 FEB 27 AM 11:59 LARRY L. HENRY, CLERK, BY ___ DC]

Attorney for Plaintiff: Jeremy L. Jones, Cozen O'Connor, 301 S. College St., Ste. 2100
Charlotte, North Carolina 28202

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____ By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

[Stamp: RECEIVED MAR 10 2015 LEGAL DEPARTMENT]

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at _____*

Rev. 03/11

# CIVIL CASE COVER SHEET

Check one: ☐ CHANCERY COURT  ☒ CIRCUIT COURT    Docket No. __15C 320__

Date_____

**I. ORIGIN** ☒ Original Proceeding  ☐ Case Reopened  ☐ Counter-claim  ☐ Cross-claim  ☐ 3rd Party Claim  ☐ Intervening Claim
☐ Answer/Initial Responsive Pleading  ☐ Other (specify)_____

**II. TYPE OF ACTION** (Check one)

**DOMESTIC RELATIONS**
☐ Paternity  ☐ Legitimation  ☐ Adoption  ☐ Surrender
☐ Divorce with minor children  ☐ Divorce without minor children  ☐ Order of Protection  ☐ Interstate Support-Incoming
☐ Interstate Support-Outgoing  ☐ Other Domestic Relations (specify)_____

**GENERAL CIVIL**
☐ Contract/Debt  ☐ Specific Performance  ☒ Damages/Torts  ☐ Real Estate Matter
☐ Workers Compensation  ☐ Probate  ☐ Juvenile Court Appeal  ☐ General Sessions Appeal
☐ Appeal from Admin. Hearing  ☐ Conservatorship  ☐ Guardianship  ☐ Trust
☐ Miscellaneous General Civil (specify)_____

**OTHER**  ☐ Judicial Hospitalization  ☐ Other_____

**PETITION FOR: (REOPENED CASES)**  ☐ Order of Protection  ☐ Contempt  ☐ Residential Parenting/No Child Support
☐ Residential Parenting/Child Support  ☐ Child Support  ☐ Wage Assignment Hearing
☐ Other_____

**III. TOTAL AMOUNT SUED FOR** $ in excess of jurisdictional limits to be proven at trial   Specific type of damages or relief sought_____
Statutory authority for suit, if any_____

**IV. COSTS** Check one: ☐ Affidavit to proceed in forma pauperis  ☐ Cost Bond/Surety  ☒ Costs paid by check enclosed

**V. JURY DEMAND** (Check YES only if demanded in complaint)  ☒ YES  ☐ NO

**VI. RELATED CASES** (if any)  Docket No._____ Judge_____
Date filed_____ Status_____

**VII. PLAINTIFF/PETITIONER INFORMATION** (List additional parties on supplemental form.)
NAME OF INDIVIDUAL_____
   Last        First        Middle
☐ AKA  ☐ DBA  ☐ BNF_____
DOB_____ Driver's License #_____

Harleysville Preferred Insurance Co.     (if the plaintiff is not an individual)
**COMPANY NAME**

**ADDRESS**
**CITY**    STATE    ZIP
**EMPLOYER OF INDIVIDUAL**

Jeremy L. Jones                          029988
ATTORNEY FOR PLAINTIFF                   BPR #
301 S. College St., Ste. 2100
ATTORNEY'S ADDRESS
Charlotte                    NC    28202
CITY                         STATE  ZIP
704.376.3400
PHONE

**ADDRESS OF EMPLOYER**
**CITY**    STATE    ZIP

**VIII. DEFENDANT/RESPONDENT INFORMATION** (List additional parties on supplemental form.)
NAME OF INDIVIDUAL_____
   Last        First        Middle
☐ AKA  ☐ DBA  ☐ BNF_____
DOB_____ Driver's License #_____

Inductotherm Corp.                        (if the defendant is not an individual)
**COMPANY NAME**
10 Indel Ave.
**ADDRESS**
Rancocas              NJ   08073
CITY                  STATE ZIP

**ATTORNEY FOR DEFENDANT**                BPR #
**ATTORNEY'S ADDRESS**

**EMPLOYER OF INDIVIDUAL**
CITY    STATE    ZIP

**ADDRESS OF EMPLOYER**
PHONE

**CITY**    STATE    ZIP

**IX. TYPE OF SERVICE OF PROCESS REQUIRED**
☐ Out-of-County Sheriff_____         ☐ Publication (specify)_____
☐ Local Sheriff                        ☒ Other (specify) Plaintiff's attorney to serve via certified mail
☐ Secretary of State                   Special Instructions_____
☐ Comm. of Insurance

**X. ASSOCIATED PARTY (Uninsured Motorist Carrier) INFORMATION**
Name_____ Address_____
Type of Service (specify)_____

Are additional plaintiffs or defendants listed on a separate sheet? ☐ YES  ☒ NO

Case 1:15-cv-00087-HSM-WBC   Document 1-2   Filed 04/08/15   Page 2 of 12   PageID #: 9

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE
ELEVENTH JUDICIAL DISTRICT AT CHATTANOOGA

| | |
|---|---|
| Harleysville Preferred Insurance Company a/s/o Designed Alloy Products, Inc.<br><br>Plaintiff<br><br>v.<br><br>Inductotherm Corp.<br><br>Defendant | Case No.: 15C320 |

## COMPLAINT

Plaintiff, Harleysville Preferred Insurance Company a/s/o Designed Alloy Products, Inc., by and through undersigned counsel, hereby bring this action against Defendants Inductotherm Corp. and Inductotherm Industries, Inc. and states as follows:

## PARTIES

1. Plaintiff, Harleysville Preferred Insurance Company, is a Pennsylvania corporation with its principal place of business located at 355 Maple Avenue, Harleysville, PA 19438, and at all times material hereto was authorized to do business in the State of Tennessee as an insurance company.

2. Defendant Inductotherm Corp. is a New Jersey corporation with a principal place of business at 10 Indel Avenue, Rancocas, New Jersey, 08073-0157. Inductotherm Corp. may be served by mail addressed to an officer or managing agent at 10 Indel Avenue, Rancocas, New Jersey, 08073.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper before this Court in that the events leading to the cause of action occurred in Hamilton County, the property that is the subject matter of this action is situated in Hamilton County, Defendant has at all material times conducted business in the State of Tennessee, and the damages exceed the jurisdictional requirements for this Court.

## FACTS

4. Plaintiff's insured, Designed Alloy Products (hereinafter "Plaintiff's Insured") owns and operates a metal recycling facility located at 3033 Alton Park Boulevard, Chattanooga, Hamilton County, Tennessee (hereinafter the "Facility").

5. At all times relevant to this cause of action, Defendant represented itself to the public and to Plaintiff's Insured as an industry leader in the business of, among other things, designing, manufacturing, selling, and installing induction furnace systems.

6. On October 25, an induction furnace system designed and manufactured by Defendant was in operation at the Facility (hereinafter the "Furnace").

7. Plaintiff's Insured purchased the Furnace new from Defendant.

8. The Furnace is designed in such a manner that the exterior of the crucible is surrounded by electrical wire and water pipe.

9. During operation of the Furnace, electricity is routed through the wire surrounding the exterior of the Furnace crucible to generate magnetic induction.

10. During operation of the Furnace, pressurized water is routed through the pipes surrounding the exterior of the Furnace crucible to regulate temperature.

11. On October 25, 2013, the Facility was the subject of a sudden and calamitous event in which molten metal erupted, exploded, ejected, and escaped from the Furnace (hereinafter the "Eruption").

2

12. The Eruption originated from the Furnace.

13. The Eruption was caused by a steam explosion when pressurized water was pumped into molten metal located inside the Furnace crucible.

14. The Eruption caused six of Plaintiff's Insured's employees to be sent to the hospital for burn treatment.

15. The Eruption caused substantial property damage to the Facility and the business personal property within the Facility.

16. The Eruption caused a significant business interruption for Plaintiff's Insured.

17. From the time Plaintiff's Insured purchased the Furnace to the time of the Eruption, no alterations were made to the Furnace.

18. From the time Plaintiff's Insured purchased the Furnace to the time of the Eruption, Plaintiff's Insured received no notices or other warnings about an unreasonably dangerous and defective condition in the Furnace.

19. On a date prior to October 25, 2013, Plaintiff issued a policy of insurance to Plaintiff's Insured that was in effect on October 25, 2013, providing certain insurance coverage for damage to the Facility, business personal property, and for business interruption.

20. As a result of the Eruption, Plaintiff's Insured submitted a valid claim to Plaintiff pursuant to the policy of insurance issued by Plaintiff.

21. Pursuant to the policy of insurance, Plaintiff discharged its obligations under the policy of insurance by paying $2,733,728.25 for the property damages and business interruption caused by the Eruption.

22. Plaintiff did not pay the $2,733,728.25 as a volunteer but did so only after a valid claim was presented by Plaintiff's Insured.

3

23. Having paid for the damages caused by the Eruption pursuant to the policy of insurance issued to Plaintiff's Insured, Plaintiff is subrogated to Plaintiff's Insured's right to bring this action against those responsible for the damages incurred to the extent of the damages paid by Plaintiff.

24. Subrogation will not work any injustice to the rights of any person or entities.

25. At all relevant times, the Furnace was used in the manner prescribed and approved by Defendant and in the foreseeable and intended purpose for which the Furnace was designed, manufactured, marketed, sold, installed, supplied, inspected, serviced, repaired and maintained by Defendant.

## COUNT I
## NEGLIGENCE

26. Plaintiff hereby incorporates and re-alleges by reference the allegations preceding Count I as if fully stated herein.

27. Defendant designed, manufactured, distributed, sold, and otherwise introduced the Furnace into the stream of commerce.

28. Defendant owed a duty to the general public and specifically to Plaintiff's Insured to design, manufacture, distribute and sell the Furnace in a good, safe and workmanlike manner.

29. Defendant owed a duty to the general public and specifically to Plaintiff's Insured to design, manufacture, distribute and sell furnaces that are fit for the particular intended purpose.

30. Defendant owed a duty to the general public and specifically to Plaintiff's Insured to design and manufacture its furnaces in such a manner that the furnaces would not subject persons and the property of others to heightened hazardous conditions, including eruptions of molten metal.

31. Defendant, acting individually or through employees, agents, and/or representatives, breached its duties and was negligent in that it:

    a. designed the Furnace in a defective manner;

    b. designed the Furnace in such a manner that it subjected the Facility to a heightened hazardous conditions, including eruptions of molten metal, thereby creating an unreasonable risk of harm;

    c. failed to inspect, detect and/or correct the defective design of the subject Furnace which Defendant knew or should have known existed;

    d. failed to properly design, manufacture, and assemble the Furnace and caused it to enter the stream of commerce in a defective and unreasonably dangerous condition;

    e. failed to take all necessary and reasonable precautions to make the Furnace safe, and to safeguard the general public and specifically Plaintiff's Insured against the risk of harm by eruption of molten metal;

    f. failing to warn Plaintiff's Insured of the dangerous condition of the Furnace;

    g. otherwise failing to use due care under the circumstances; and

    h. such other negligent acts and/or omissions that may be disclosed in discovery.

32. As a direct and proximate result of the aforesaid negligence and/or negligent acts and/or negligent omissions of Defendant, its agents, servants, subcontractors and/or employees, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for an amount to be proven at trial, together with interest, the cost of this action, and such other relief as this Court deems just and proper.

## COUNT II
## STRICT LIABILITY

33. Plaintiff hereby incorporates and re-alleges by reference the allegations preceding Count I as if fully stated herein.

5

LEGAL\22210492\1
Case 1:15-cv-00087-HSM-WBC Document 1-2 Filed 04/08/15 Page 7 of 12 PageID #: 14

34. Defendant designed, manufactured, distributed, sold, and otherwise introduced the Furnace into the stream of commerce.

35. The Furnace is the type of product that Defendant is in the business of designing, manufacturing, selling, and distributing.

36. The Furnace was expected to and did reach Plaintiff's Insured without substantial change in its condition.

37. At the time Defendant sold the Furnace to Plaintiff's Insured, the Furnace was defective and unreasonably dangerous to users and consumers because of the unsafe and improper design and construction.

38. The Furnace was in the defective and unreasonably dangerous condition at the time it left the possession and control of Defendant.

39. At the time Defendant sold the Furnace to Plaintiff's Insured, the Furnace was defective and unreasonably dangerous in that it did not include features designed to prevent foreseeable risks.

40. Defendant knew or should have known the defects in the Furnace could potentially cause an eruption of molten metal and Defendant failed to warn Plaintiff's Insured.

41. The Furnace was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

42. The defective and unreasonably dangerous condition of the Furnace was the direct, proximate and legal cause of Plaintiff's damages.

43. Defendant is strictly liable to Plaintiff for its damages pursuant to Tennessee law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for an amount to be proven at trial, together with interest, the cost of this action, and such other relief as this Court deems just and proper.

## COUNT III
## BREACH OF WARRANTY

44. Plaintiff hereby incorporates and re-alleges by reference the allegations preceding Count I as if fully stated herein.

45. At all times material to this cause of action, Defendant was in the business of designing, manufacturing, marketing, and selling induction furnaces.

46. Defendant represented itself, its employees, agents, workmen and servants to be knowledgeable, experienced, and capable in the design, manufacture, sale, installation, supply, inspection, service, repair, and maintenance of induction furnace systems, to include the Furnace.

47. At all times material to this cause of action, Defendant was a merchant within the meaning of Tennessee's Uniform Commercial Code.

48. Having undertaken to design, manufacture, and sell the Furnace, Defendant impliedly warranted that the Furnace would be designed and manufactured in a safe, quality, and workmanlike manner, would be fit for its particular purpose, and would not expose Plaintiff's Insured or its employees to an increased risk of property damage, personal injury, or death due to an explosion, eruption, or other sudden and calamitous event.

49. Defendant breached its express and implied warranties by designing, manufacturing, distributing and selling a defective, unreasonably dangerous furnace which erupted and caused significant damages.

7

50. Defendant breached its implied warranties by designing, manufacturing, and selling the Furnace in a such a manner that the Furnace exposed the Facility and Plaintiff's Insured's employees to an increased risk of property damage, injury and death.

51. As a direct and proximate result of Defendant's breach of warranty, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for an amount to be proven at trial, together with interest, the cost of this action, and such other relief as this Court deems just and proper.

### COUNT IV
### NEGLIGENT MISREPRESENTATION

52. Plaintiff hereby incorporates and re-alleges by reference the allegations preceding Count I as if fully stated herein.

53. Defendant represented and/or implied that the Furnace was safe, of a quality design, would not expose the Facility and/or employees to an unreasonable risk of damage or injury, would be appropriate for use in the Facility, and such other representations which may be revealed during discovery.

54. While acting in the course of its business and engaged in a transaction with Plaintiff's Insured in which Defendant had a financial interest, Defendant made misrepresentations under such conditions and circumstances that it should have known of the falsity or uncertainty of the recommendations and representations.

55. Defendant knew and intended the information to guide Plaintiff's Insured in its future business transactions.

56. Defendant failed to exercise reasonable care or competence in obtaining the information that it conveyed and/or communicated to Plaintiff's Insured.

8

LEGAL\22210492\1
Case 1:15-cv-00087-HSM-WBC   Document 1-2   Filed 04/08/15   Page 10 of 12   PageID #: 17

57. Plaintiff's Insured justifiably relied upon the false information provided by Defendant.

58. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for an amount to be proven at trial, together with interest, the cost of this action, and such other relief as this Court deems just and proper.

## COUNT V
## TENNESSEE CONSUMER PROTECTION ACT

59. Plaintiff hereby incorporates and re-alleges by reference the allegations preceding Count I as if fully stated herein.

60. An act or practice that affects the conduct of any trade or commerce is unlawful if it represents "that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have" and represents "that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Tenn. Code Ann. § 47-18-104(b)(5) and (7).

61. The design, manufacture, marketing and sale of the Furnace constitutes "trade," "commerce" and/or a "consumer transaction" within the definition of Tennessee Statute § 47-18-103(19).

62. Defendant represented or implied that the Furnace would have approval, characteristics, uses, benefits or qualities, which it did not have, and that the Furnace was of a particular standard and quality, which it was not.

63. Defendant violated the aforementioned statute by representing and/or implying that the Furnace was safe, of a quality design, would not expose the Facility and/or employees to

9

an unreasonable risk of damage or injury, would be appropriate for use in the Facility, and such other representations which may be revealed during discovery.

64. As a direct and proximate result of Defendant's breach of the Tennessee Consumer Protection Statute, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for an amount to be proven at trial, together with interest, the cost of this action, and such other relief as this Court deems just and proper.

## A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

Respectfully submitted this 26th day of February, 2015.

COZEN O'CONNOR

BY: _____
Jeremy L. Jones
B.P.R. No. 029988
301 South College Street, Suite 2100
Charlotte, North Carolina 28202
Phone: 704-376-3400
Fax: 704-334-3351
jljones@cozen.com

ATTORNEY FOR PLAINTIFF