## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| HARLEYSVILLE PREFERRED ) | |
| INSURANCE COMPANY A/S/O ) | |
| DESIGNED ALLOY PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | No.: 1:15-CV-00087 |
| ) | JURY DEMANDED |
| v. ) | Judge Harry S. Mattice, Jr. |
| ) | Magistrate William Carter |
| INDUCTOTHERM CORP., ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT BY DEFENDANT INDUCTOTHERM CORP.

Comes now the Defendant, Inductotherm Corp., hereinafter ("Inductotherm" or "Defendant"), and for answer to the complaint filed against them herein state(s) as follows:

1. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

2. Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

3. Defendant admits that jurisdiction and venue are proper in the United States District Court for the Eastern District of Tennessee. Defendant further admits that it conducts business in the State of Tennessee. Defendant otherwise denies the remaining allegations of Paragraph 3 of Plaintiff's Complaint and denies that it is liable to Plaintiff under any theory of law for any amount sought.

4. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 4 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

5. Defendant admits that it designs, manufactures, and sells furnace systems. Defendant, however, denies the remainder of allegations contained within Paragraph 5 of Plaintiff's Complaint. Defendant further denies that it is liable to Plaintiff under any theory of law for any amount sought.

6. Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

7. Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

8. Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 11 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 12 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

13. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 13 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

14. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 14 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

15. Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 17 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

18. Defendant admits the allegations contained within Paragraph 18 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

19. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 19 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

20. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 20 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

21. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 21 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

22. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 22 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

23. Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

## **COUNT I NEGLIGENCE**

26. Defendant reasserts and realleges its responses to Paragraphs one (1) through twenty-five (25) of Plaintiff's Complaint.

27. Defendant admits the allegations contained within Paragraph 27 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

28. Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits that it has a duty to design, manufacture, distribute and sell furnaces that are fit for an intended purpose but, otherwise, denies the remaining allegations contained within Paragraph 29 of Plaintiff's Complaint. Defendant further denies that it is liable to Plaintiff under any theory of law for any amount sought.

30. Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained within Paragraph 31, including subparts a-h, of Plaintiff's Complaint.

32. Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

## COUNT II STRICT LIABILITY

33. Defendant reasserts and realleges its responses to Paragraphs one (1) through thirty-two (32) of Plaintiff's Complaint.

34. Defendant admits the allegations contained within Paragraph 34 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

35. Defendant admits the allegations contained within Paragraph 35 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

36. Defendant admits the allegations contained within Paragraph 36 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

37. Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 41 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

42. Defendant denies the allegations contained within Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained within Paragraph 44 of Plaintiff's Complaint.

## COUNT III BREACH OF WARRANTY

44. Defendant reasserts and realleges its responses to Paragraphs one (1) through forty-three (43) of Plaintiff's Complaint.

45. Defendant admits the allegations contained within Paragraph 45 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

46. Defendant admits the allegations contained within Paragraph 46 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

47. Defendant objects to the allegations contained in Paragraph 47 as it calls for a legal conclusion. Defendant, otherwise, denies that it is liable to Plaintiff under any theory of law for any amount sought.

48. Defendant admits that the subject furnace was designed and manufactured in a safe, quality, workmanlike manner. Defendant otherwise denies the remaining allegations of Paragraph 48 of Plaintiff's Complaint and denies that it is liable to Plaintiff under any theory of law for any amount sought.

49. Defendant denies the allegations contained within Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained within Paragraph 51 of Plaintiff's Complaint.

## COUNT IV NEGLIGENT MISREPRESENTATION

52. Defendant reasserts and realleges its responses to Paragraphs one (1) through fifty-one (51) of Plaintiff's Complaint.

53. Defendant denies the allegations contained within Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained within Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained within Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained within Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained within Paragraph 58 of Plaintiff's Complaint.

## COUNT V TENNESSEE CONSUMER PROTECTION ACT

59. Defendant reasserts and realleges its responses to Paragraphs one (1) through fifty-eight (58) of Plaintiff's Complaint.

60. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 60 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

61. Defendant is without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 61 of Plaintiff's Complaint. Defendant, however, denies that it is liable to Plaintiff under any theory of law for any amount sought.

62. Defendant denies the allegations contained within Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations contained within Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained within Paragraph 64 of Plaintiff's Complaint.

65. All allegations in the Plaintiff's Complaint not hereinabove admitted, explained or denied are here and now specifically and categorically denied.

## AFFIRMATIVE DEFENSES

Defendant hereby pleads its defenses and affirmative defenses in this action.

66. Defendant specifically avers that Plaintiff's Complaint fails to state a claim for

which relief can be granted.

67. Defendant relies on all applicable defenses afforded it under the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101, *et seq.*

68. Defendant states Plaintiff's claims and causes of action for breach of warranty may be barred by the applicable statute of limitations, including but not limited to Tenn. Code Ann. § 47-2-725.

69. Defendant states Plaintiff's claims and causes of action for breach of warranty are barred under the terms of the express warranty limiting coverage.

70. Defendant states Plaintiff's breach of warranty claims and causes of action are barred and/or recovery is limited in whole or in part by applicable written, contractual warranty exclusions, modifications, limitation of liability, and/or limitation of damages or remedies available.

71. Defendant avers that Plaintiff's injuries and damages that are the subject matter of the Complaint were caused or brought about by a person or persons other than Defendant and over whom Defendant had neither control nor the right to control (including Plaintiff and known or unknown third parties, if proven applicable by investigation and discovery), or resulted from some independent cause, phenomenon, or misadventure beyond Defendant's control and for which Defendant is not liable. Defendant therefore relies on the defenses of a lack of cause in fact, superseding intervening cause, and comparative fault. Defendant reserves the right to amend this Answer to name other persons and parties who may be at fault in this action, if proven applicable by investigation and discovery.

72. To the extent that Plaintiff failed to maintain or preserve the subject furnace described in Plaintiff's Complaint and/or its component parts in their immediate post-accident condition, Plaintiff may be guilty of spoliation and may not maintain an action against

Defendant.

73. Defendant relies on all applicable statutes of limitation and/or statutes of repose, including, without limitation, Tenn. Code Ann. § 28-3-104, if proven applicable by investigation and discovery.

74. Defendant avers that when the subject furnace described in Plaintiff's Complaint was designed, manufactured, and sold, it conformed with the state of scientific and technological knowledge available to its manufacturer. Defendant relies upon the customary designs, methods, standards, and techniques of manufacturing, testing, warning, and inspecting used by other manufacturers of similar products. Defendant asserts that the subject furnace described in Plaintiff's Complaint was reasonably safe and therefore, not defective, and Defendant relies on the defenses afforded by Tenn. Code Ann. § 29-28-105.

75. Defendant relies on the defenses of misuse, alteration, change, improper maintenance, abnormal use, and/or failure to follow proper instructions and warnings, if proven applicable by investigation and discovery. Defendant asserts all defenses afforded by Tenn. Code Ann. § 29-28-108, if proven applicable by investigation and discovery.

76. Defendant relies on the defenses of release, waiver, and estoppel, if proven applicable by investigation and discovery.

77. Plaintiff may have failed to mitigate damages, if any, and may have failed to protect against avoidable consequences.

78. Defendant asserts that Plaintiff's damages are capped in accordance with Tennessee law, including without limitation Tenn. Code Ann. § 29-39-101, *et seq.*

79. Defendant asserts that pursuant to Tenn. Code Ann. § 47-18-109 it is entitled to indemnification from Plaintiff for any and all damages, including attorneys fees, Defendant incurs as a result of this lawsuit.

10
Case 1:15-cv-00087-HSM-WBC   Document 4   Filed 04/15/15   Page 10 of 12   PageID #: 32

80. Defendant demands a jury of the maximum number of persons allowed to try all issues so triable.

81. Defendant moves the Court for leave to amend this Answer and plead additional defenses and to plead its defenses more specifically at the conclusion of its investigation and discovery proceedings.

WHEREFORE, Defendant denies that it is liable to the Plaintiff in the amount sued for or any amount, prays to be dismissed herewith with their costs and demands a jury of twelve persons to try this cause.

Respectfully submitted,

LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.

By: /s/ R. Dale Bay
R. Dale Bay, BPR No. 10896
dbay@lewisthomason.com
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366

Attorneys for Defendant, Inductotherm Corp.

**CERTIFICATE OF SERVICE**

       I hereby certify that on this the 15th day of April, 2015, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       Jeremy L. Jones, Esq.
       Cozen O'Connor
       301 South College Street, Suite 2100
       Charlotte, NC  28202

                                     /s/ R. Dale Bay
                                          R. Dale Bay